Nov. Term, 1853.
─────
DUNN
v.
THE STATE.

---

DUNN, Auditor of State, *v.* THE STATE on the relation of SEELEY.

By the R. S. 1852, sheriffs are entitled to mileage for taking a convict to the state prison, for each mile they may necessarily travel in going to and returning therefrom.

The provisions of s. 1, c. 37, R. S. 1852, vol. 1, and s. 1, c. 70, of the same volume, regulating sheriffs' fees for taking convicts to the state prison, are not repugnant to each other, and are to be construed in *pari materia*.

APPEAL from the *Marion* Circuit Court.

DAVISON, J.—This was a writ of *mandamus*. The object of the proceeding was to compel the Auditor of State to audit the account of said sheriff to the amount of 130 dollars, for taking a convict from said county to the state prison. There was an answer to the writ. The Court,

*Wednesday, December 21.*

Nov. Term, 1853.

DUNN
v.
THE STATE.

upon a final hearing of the cause, awarded a peremptory *mandamus.*

It is conceded that the sheriff performed the service, and that the distance between the county of *Elkhart* and the place where the state prison is located, is two hundred and sixty miles; but it is contended that for the service performed by the sheriff, one-half of the account presented, and no more, is allowable by law.

There is a statute which provides that the sheriff, " for taking a convict to the state prison, and all expenses incident to the same, shall be allowed twenty-five cents per mile, to be paid out of the state treasury." R. S. 1852, vol. 1, p. 285., s. 2. This section, it is said, contemplates mileage only for the actual number of miles traveled by him in going to the state prison. That construction might prevail were it not for a subsequent provision relative to that subject. By the same statutes—chap. 70, sec. 1— it is enacted, " that the sheriffs of the several counties in this state, for their services in conveying convicts to the state prison, shall be allowed mileage themselves in going to and returning therefrom," &c. The act then proceeds to point out the distance from each county respectively.

These provisions were enacted at the same session of the legislature, relate to the same subject, and are not repugnant to each other, and are to be construed in *pari materia.* This being done, we think the intention of the enactments is not doubtful. They were obviously intended to give the sheriff mileage for each mile he might necessarily travel in going to and returning from the state prison. It follows that the judgment of the Circuit Court must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*R. L. Walpole,* for the appellant.

*L. Barbour* and *A. G. Porter,* for the state.